```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x

SALVATORE ROSSI and LORRAINE ROSSI, on
behalf of themselves and all others similarly
situated,

                Plaintiffs
                                                    CLASS
                                              ACTION COMPLAINT
                                              AND DEMAND FOR
            -against-                             JURY TRIAL

HAROLD E. SCHERR, JOHN AND JANE DOES NUMBERS
1 THROUGH 25, SAID PERSONS BEING NAMED HEREIN
AS THE PERSONS WHO ALSO CONTROL THE POLICIES
AND PRACTICES INVOKED BY THE LAW OFFICE OF
HAROLD E. SCHERR, ARROW FINANCIAL SERVICES,
LLC and JOHN AND JANE DOES NUMBERS 26
THROUGH 50, SAID PERSONS BEING NAMED HEREIN
AS THE PERSONS WHO ALSO CONTROL THE POLICIES
AND PRACTICES INVOKED BY ARROW FINANCIAL
SERVICES, LLC,

                Defendants
-------------------------------------------x
```

I. Preliminary Statement

1. Plaintiffs, SALVATORE ROSSI And LORRAINE ROSSI (hereinafter referred to as "Plaintiffs"), on their own behalf and on behalf of the classes they seek to represent, bring this action for illegal practices of the above-named Defendants who used false, deceptive and misleading practices in conjunction with attempts to collect alleged debts. Plaintiffs allege that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiffs seek statutory damages for themselves and

the classes defined herein, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III.  Parties

3. Plaintiffs are natural persons, married, who at all times relevant to this complaint resided in Richmond County, New York.

4. Defendant Harold E. Scherr (hereinafter referred to as "Defendant Scherr") is a natural person residing, upon information and belief, in the State of Florida. The Defendant Scherr is an attorney at law admitted to practice law in the State of Florida. The Defendant Scherr maintains a law office located at 1064 Greenwood Boulevard, Suite 328, Lake Mary, Florida. The Defendant Scherr is engaged in the business of collecting debts. The Defendant Scherr collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Scherr is a "debt collector" as said term is defined in the FDCPA.

5. The Defendants, JOHN and JANE DOES 1 through 25, are sued

herein under fictitious names. Their true names and capacities are unknown to Plaintiffs at this time. When said true names and capacities are ascertained, Plaintiffs will move to further amend this complaint by inserting same.

6. Plaintiffs have information and beliefs and thereon allege that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities all of whom reside or are located within the United States. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant Scherr wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant Scherr and are, therefore, personally liable for all of the wrongdoing alleged hereinafter.

7. Defendant Arrow Financial Services, LLC (hereinafter referred to as "Defendant AFS") is a Delaware corporation authorized to do business within the State of New York. The Defendant AFS maintains numerous offices located throughout the United States. The Defendant AFS is engaged in the business of collecting debts. The Defendant AFS collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant AFS is a "debt collector" as said term is defined in the FDCPA.

8. The Defendants, JOHN and JANE DOES 26 through 50, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs at this time. When said true names and capacities are ascertained, Plaintiffs will move to further amend this complaint by inserting same.

9. Plaintiffs have information and beliefs and thereon allege that Defendants, JOHN and JANE DOES 26 through 50, are natural persons and/or business entities all of whom reside or are located within the United States. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant AFS wherein said employees engaged in the unlawful conduct set forth below. Said AFS Defendants personally control the illegal acts, policies, and practices utilized by the Defendant AFS and are, therefore, personally liable for all of the wrongdoing alleged hereinafter.

## IV. Facts Related To The Named Plaintiff

10. The Plaintiffs incurred a personal debt which, upon information and belief, was ultimately assigned to an entity doing business under the name Conseco Finance Servicing Corp. of St. Paul Minnesota.

11. At a time unknown to the Plaintiffs said personal debt was

acquired for value by the Defendant AFS and was otherwise assigned to the Defendant AFS which now owns the alleged debt.

12. The debt referenced heretofore herein is a "debt" as that term is defined by 15 U.S.C. sec. 1692a(5).

13. In the attempt to collect the alleged debt referenced heretofore herein unknown persons employed as debt collectors by the Defendant Scherr caused a letter dated August 13th, 2007 to be sent to the Plaintiffs. A copy of said letter is attached hereto as Exhibit "A".

14. That said letter sets forth the advisement "Your immediate attention to this matter is requested; please call our office. The toll free number is 1-800-858-8736." Said advisement contradicts and overshadows the 30 day debt verification/dispute rights accorded by the FDCPA (as same are set forth in the subject letter dated August 13th, 2007) in that it fails to explain that any oral request for verification of the alleged debt, advanced via the requested telephone call, need not be honored by the Defendants as any request for verification must be made in writing.

15. That the request for "immediate attention" via the placement of a telephone call to the office of the Defendant Scherr contradicts and overshadows the 30 day rights as the Plaintiffs are not required to undertake any immediate action and, rather, are accorded 30 days to exercise the debt verification/dispute rights

accorded by the FDCPA.

16. That the subject August 13th, 2007 letter sets forth the website address of the Defendant Scherr, i.e. "www.ScherrLaw.com" and further directs readers of the letter to visit said website.

17. That based upon the facts set forth in paragraph 16 the subject website is incorporated by reference into the subject August 13th, 2007 letter as if part and parcel thereof.

18. The website maintained by the Defendant Scherr includes the category "COMPANY BACKGROUND" which, when selected, reveals the following:

> **Law Offices of Harold E. Scherr**
>
> The Law Offices of Harold E. Scherr strives to deliver the highest quality legal services to its clients in the field of debt collection. We are dedicated to the vigorous pursuit of our clients' interests and rights while maintaining a reasoned and professional approach to dealing with and resolving each individual matter.
>
> Mr. Scherr (a member in good standing of The Florida Bar for 30 years), together with his associate attorneys and staff of highly qualified and experienced legal assistants, work together with an approach toward resolving each matter efficiently and with an appreciation of the real world business parameters our clients operate within. It is always our preference to resolve these matters amicably and avoid the time and expense of judicial action, but if that becomes necessary our attorneys and staff stand ready to pursue all appropriate remedies through the judicial system.

19. That said website advisement, as reiterated in paragraph 18, coupled with the statement "Your immediate attention to this matter is requested", as set forth in the subject August 13th, 2007,

further contradicts and overshadows the 30 day debt verification dispute rights in that the combination thereof implies to the least sophisticated consumer that legal action will be commenced against said consumer unless the consumer places a telephone call to the law office of the Defendant Scherr immediately upon receipt and review of the subject August 13th, 2007 letter.

20. That the website advisement regarding the commencement of legal action constitutes a threat of unintended action in that no legal action will be commenced by the Defendant AFS in regard to debts which it has purchased which are in amounts of less than $1,000.00 (one thousand dollars).

21. The website maintained by the Defendant Scherr also includes the category "Online Security" which, when selected, states (in part) the following:

    **Online Security Policy**

    Law Offices of Harold E. Scherr will safeguard your personal information online by using some of the most advanced online security measures in the industry.

22. That the security guarantee, as set forth and reiterated in paragraph 21 heretofore, is false, deceptive and misleading in that it falsely implies to the least sophisticated consumer that there is a 100% guarantee that their personal information will be protected from any and all identity theft possibilities and will be 100% protected from the loss, misuse, and alteration of said personal information which may become under the control of the

Defendant Scherr.

23. In a further attempt to collect the debt referenced heretofore herein unknown persons employed as debt collectors by the Defendant Scherr caused a letter dated November 02nd, 2007 to be sent to the Plaintiffs. A copy of said letter is attached hereto as Exhibit "B".

24. That said letter sets forth the advisement "As we have previously advised, this office represents ARROW FINANCIAL SERVICES, LLC, the current creditor on your above-named account. You have either failed to make contact or have failed to make full payment on this account." and also sets forth the advisement "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.".

25. That the statements contained in said letter dated November 02nd, 2007, and reiterated in paragraph 24 heretofore herein, are false, deceptive and misleading in that said statements falsely imply to the least sophisticated consumer that the Defendant Scherr is allowed to use the "at this time no attorney has personally reviewed the particular circumstances of your account" disclaimer in collection letters beyond the initial collection letter sent by non-attorney support staff.

26. That the subject November 02nd, 2007 letter sets forth the following advisements: **"We are requesting that you respond to this**

**office within 48 hours from your receipt of this letter to discuss a resolution of this matter".** "Your failure to contact this office within the 48 hour time table will be considered by this office as your refusal to pay this account voluntarily. Thereafter, our client may thereafter elect to proceed as is necessary to protect their interests for the full present balance of $478.45 plus any interest, charges, and/or attorneys fees permitted by the terms of any agreement which you signed, or by law.".

27. That the advisement set forth in the subject November 02nd 2007 letter, as reiterated in paragraph 26 heretofore, constitutes further false, deceptive and misleading statements in that said advisements set forth post-judgment remedies available to a creditor before any lawsuit was commenced and further falsely implies that the Plaintiffs would have no defenses to any lawsuit, and otherwise creates the false, deceptive and misleading impression that a judgment for the full amount, in favor of the Defendant AFS, would be the automatic result of the filing of the referenced lawsuit.

28. That the demand to respond within 48 hours, under threat of the commencement of an impliedly indefensible lawsuit against the Plaintiffs, creates a false sense of urgency.

29. That the advisement set forth in the subject November 02nd 2007 letter, as reiterated in paragraph 26 heretofore, constitutes further false, deceptive and misleading statements in that said

advisements falsely imply to the least sophisticated consumer that an attorney has reviewed the particular circumstances of the Plaintiffs' account and has concluded that there is legal merit in regard to said account enough to advise the client, AFS, that it should consider legal action when, in fact, and as confirmed by the actual statements set forth in the subject November 02 $^{nd}$, 2007 letter, no attorney had reviewed the particular circumstances regarding the Plaintiffs' account.

30. That the advisements which expressly and implicitly threaten the possibility of the commencement of legal action, as said advisements are contained in the 2 letters which are the subject of the herein action, and as are contained in the relevant portions of the website maintained by the Defendant Scherr, all constitute further false, deceptive and misleading statements in that said advisements constitute false threats of unintended legal action as the Defendant AFS does not commence legal action in regard to debts in the amount of less than $1,000.00.

31. That each of the letters falsely set forth "CONSECO" as the "Original Creditor" when, in fact, no entity named "CONSECO" is the original creditor.

32. That the Defendant AFS and the "JOHN" and "JANE" Does Defendants number 26 through 50 are liable herein as the Defendant Scherr and "JOHN" and "JANE" Doe Defendants number 1 through 25 acted as the agents for the Defendant AFS.

33. That the Defendants AFS and the "JOHN" and "JANE" Does Defendants number 26 through 50 are liable herein as the Defendant AFS is vicariously liable for the FDCPA violations committed by the Defendant Scherr and "JOHN" and "JANE" Doe Defendants number 1 through 25 as the Defendant AFS possessed the requisite principal-agent relationship with the Defendant Scherr, a collection attorney working on behalf of the Defendant AFS.

34. That the Defendant AFS is vicariously liable for the FDCPA violations committed by the Defendant Scherr, as the Defendant AFS, itself a debt collector, has the responsibility to monitor the activities of those it enlists to collect debts on its behalf.

35. That the Defendant AFS is vicariously liable for the FDCPA violations committed by the Defendant Scherr as, upon information and belief, the Defendant AFS had the right to control the content of the letters sent by the Defendant Scherr to consumers.

36. That the Defendant AFS is vicariously liable for the FDCPA violations committed by the Defendant Scherr as, upon information and belief, the Defendant AFS had the right to approve or not approve the letters sent by the Defendant Scherr on its behalf.

37. That the Defendant AFS is vicariously liable for the FDCPA violations committed by the Defendant Scherr as, upon information and belief, AFS had the right to access the letters used by the Defendant Scherr, including the letters complained of herein, and

to recall any of its accounts based on its "reasonable opinion.".

## Policies and Practices Complained Of

38. It is the policy and practice of the Defendants to send collection letters in the forms attached as Exhibit "A" and Exhibit "B" herein, which contain statements which are false, deceptive and misleading, all in violation of the FDCPA.

## VI. Class Allegations

39. This action is brought on behalf of the following classes:

1) a class of all persons with addresses in the United States to whom a collection letter in the form attached as Exhibit "A" hereto was sent seeking to collect an alleged debt owed to the Defendant AFS in an amount less than $1,000.00.

2) a class of all persons with addresses in the United States to whom a collection letter in the form attached as Exhibit "B" hereto was sent seeking to collect an alleged debt owed to the Defendant AFS in an amount less than $1,000.00.

40. The class periods encompasses one year prior to the filing of the complaint in this action through the time an order of final class certification is obtained.

41. Plaintiffs allege on information and belief that the classes are each so numerous that joinder of all members of each of the classes is impractical in that at least one hundred persons received each of the subject letters during the time period set forth in paragraph 40 heretofore herein.

42. There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants named herein violated the FDCPA by using false, deceptive and misleading debt collection means.

43. The Plaintiffs' claims are typical of those of the members of the classes defined herein. All are based on the same facts and legal theories. Therefore, the same course of violative conduct and legal theories are involved herein.

44. The Plaintiffs will fairly and adequately protect the interests of the classes defined herein. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue the herein action.

45. Certification of each of the classes under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to each of the classes defined herein predominate over any

questions affecting only individual members of the classes and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

## VII.   Class Claims for Relief

46. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by sending form collection letters containing numerous statements which are false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692e(2)(A) by sending form collection letters containing numerous statements which misrepresent the character and legal status of alleged debts.

c. The Defendants violation 15 U.S.C. sec. 1692e(5) by sending form collection letters which contain threats of unintended legal action.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the classes for:

A. Certification of each of the classes pursuant to Rule 23(b)(3).

   B. Statutory damages for each of the Plaintiffs pursuant to 15 U.S.C.A. sec. 1692k.

   C. Statutory damages for the members of the classes pursuant to 15 U.S.C. sec. 1692k.

   D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

   E. Such other and further relief as may be just and proper.


Dated: Haines Falls, New York
       January 10, 2008


                                   _____
                                   ROBERT L. ARLEO, ESQ.
                                   (RA 7506)
                                   Attorney for the Plaintiffs
                                   164 Sunset Park Road
                                   Haines Falls, New York 12436
                                   (518) 589-5264

<u>DEMAND FOR JURY TRIAL</u>

    Please take notice that the Plaintiffs demand trial by jury in this action.

_____
Attorney for the Plaintiffs

# EXHIBIT "A"

# LAW OFFICE OF HAROLD E. SCHERR
## ATTORNEYS AT LAW

1064 GREENWOOD BOULEVARD, SUITE 328
LAKE MARY, FLORIDA 32746
WWW.SCHERRLAW.COM

HAROLD E. SCHERR
RICHARD VALLE

August 13th, 2007

PHONE: (407) 995-3000
TELFAX: (407) 995-3100
TOLLFREE: (800) 858-8736

SALVATORE ROSSI
248 FINLAY ST
STATEN ISLAND NY 10307

RE:   Original Creditor :        CONSECO
      Current Balance :          $478.45
      Our Account Number :       14561037070801200
      Original Account Number:   6034621603568460

Dear SALVATORE ROSSI,

Please be advised that this office represents ARROW FINANCIAL SERVICES, LLC, the current creditor on your above referenced account. This is a demand for full payment because you have had ample time to pay your creditor. All future payments should be made directly to our office. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may consider additional remedies to recover the balance due.

To settle this matter, you should send your payment for the above amount by check, money order or call 1-800-858-8736 to pay by phone. You may also visit our website at www.scherrlaw.com to make a
UNLESS YOU, THE CONSUMER WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED BY THIS OFFICE TO BE VALID. IF YOU, THE CONSUMER, NOTIFY US IN WRITING WITHIN THE THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT THAN THE CURRENT CREDITOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

Your immediate attention to this matter is requested; please call our office. The toll free number is 1-800-858-8736

Sincerely,

Harold E. Scherr.

*IF YOU WOULD LIKE FURTHER INFORMATION OR TO MAKE A PAYMENT ONLINE PLEASE VISIT WWW.SCHERRLAW.COM*

# EXHIBIT "B"

# LAW OFFICE OF HAROLD E. SCHERR
## ATTORNEYS AT LAW

1064 GREENWOOD BOULEVARD, SUITE 328
LAKE MARY, FLORIDA 32746
WWW.SCHERRLAW.COM

HAROLD E. SCHERR
RICHARD VALLE

NOVEMBER 02ND, 2007

PHONE: (407) 995-3000
TELFAX: (407) 995-3100
TOLLFREE: (800) 858-8736

LORRAINE ROSSI
248 FINLAY ST
STATEN ISLAND NY 10307-1655

RE:  Original Creditor :            CONSECO
     Principal Owed :               $478.45
     Interest Claimed Due :         $0.00
     Current Balance :              $478.45
     Our Account Number :           14561037070801200
     Original Account Number:       6034621603568460

Dear LORRAINE ROSSI,

As we have previously advised, this office represents ARROW FINANCIAL SERVICES, LLC, the current creditor on your above-named account. You have either failed to make contact or have failed to make full payment on this account. You have ignored this matter and have apparently decided not to make this situation a priority.

**We are requesting that you respond to this office within 48 hours from your receipt of this letter to discuss a resolution of this matter.**

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may consider additional remedies to recover the balance due. Your failure to contact this office within the 48 hour timetable will be considered by this office as your refusal to pay this account voluntarily. Thereafter, our client may elect to proceed as is necessary to protect their interests for the full present balance of $478.45 plus any interest, charges, and/or attorneys fees permitted by the terms of any agreement which you signed, or by law.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

Sincerely,

Harold E. Scherr.

***IF YOU WOULD LIKE FURTHER INFORMATION OR TO MAKE A PAYMENT ONLINE PLEASE
VISIT WWW.SCHERRLAW.COM***